IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ROLAND L. WALKER, JR., and DEBORAH P. WALKER, ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION |
| vs. ) ) | FILE NO. 2007EV002626G |
| CSX TRANSPORTATION, INC., a Virginia Corporation, NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia Corporation, NORFOLK SOUTHERN CORPORATION, a Virginia Corporation, UNILEVER BESTFOODS OF NORTH AMERICA, a Division of CONOPCO, INC., a New York Corporation, and JOHN DOES 1-10, Georgia Residents, ) ) ) ) ) ) ) ) ) ) | *JURY TRIAL DEMANDED* |
| Defendants. ) | |

## AMENDED COMPLAINT FOR DAMAGES

COME NOW Roland L. Walker, Jr., and Deborah P. Walker, Plaintiffs in the captioned action, and for their Amended Complaint against the Defendants named herein, show the court and jury the following facts, to wit:

1.

That Defendant CSX Transportation, Inc. ("CSX"), is a corporation organized and existing under the laws of the State of Virginia, which may be served by second original on its registered agent for service, Corporation Service Company, 40 Technology Parkway, South No. 300, Norcross, Gwinnett County, Georgia 30092, and which is subject to the jurisdiction of this court as set forth more fully hereinafter.



EXHIBIT "A"

2.

That Defendant Norfolk Southern Railway Company ("Norfolk Southern"), is a corporation organized and existing under the laws of the State of Virginia, which may be served by second original on its registered agent for service, F. Kennedy Hall, 577 Mulberry Street, 1500 CHTR Med, Macon, Bibb County, Georgia 31201, and which is subject to the jurisdiction of this court as set forth more fully hereinafter.

3.

That Defendant Norfolk Southern Corporation ("Norfolk Southern") is a corporation organized and existing under the laws of the State of Virginia, which may be served by second original on its registered agent for service, F. Kennedy Hall, 577 Mulberry Street, 1500 CHTR Med, Macon, Bibb County, Georgia 31201, and which is subject to the jurisdiction of this court as set forth more fully hereinafter.

4.

That Defendant Unilever Bestfoods of North America, a Division of Conopco, Inc. ("Conopco") is a corporation organized and existing under the laws of the State of New York, which may be served by service on its registered agent for service, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361, and which is subject to the jurisdiction of this court as set forth more fully hereinafter.

5.

That Defendants John Does 1-10 are corporate entities based in Georgia and/or residents of the State of Georgia, who were responsible and/or otherwise involved in the maintenance, inspection and loading of the railcar involved in the incident set forth hereinafter, whose proper identities will be obtained through further discovery, and who will then be substituted herein.

6.

That on or about the 22nd day of July, 2005, Plaintiff Roland L. Walker, Jr. ("Walker") was employed as a forklift operator at the Exel plant, 5395 Oakley Industrial Boulevard, Fairburn, Fulton County, Georgia, which operates a shipping and receiving facility for loading, unloading and processing food and other goods on behalf of local companies.

7.

That at said time and place, Walker was unloading goods from a railcar (upon information and belief denominated Railcar Number NS650012), owned and/or operated by Defendants CSX, Norfolk Southern and/or Norfolk Southern Corporation.

8.

That the railcar, aforesaid, had previously been loaded at the local Unilever Bestfoods Conopco plant by, *inter alia*, Defendant Conopco, and had been transported to the Exel plant by Defendant CSX for unloading.

9.

That unknown to Plaintiff, as a result of a failure to properly secure the load, the cargo had shifted in transit, and its weight had fallen against one of the interior doors of the railcar, aforesaid.

10.

That as Walker and a co-worker were unloading the railcar, aforesaid, the safety mechanism on one of the interior railcar cargo doors, which was designed to prevent shifting cargo from crushing workers, failed to properly function, resulting in the interior door and the cargo weight crushing Walker against the interior of the railcar.

11.

That Defendants John Does 1-10 are individuals and/or corporate entities who assisted

Defendant Conopco, and were responsible, together with Defendant Conopco, for the loading, maintenance and inspection of the subject railcar prior to its delivery to the Exel plant, aforesaid, and were responsible, together with Defendants Norfolk Southern and CSX, for the routine and required inspections of the subject railcar, including the interior cargo doors and safety latching mechanisms.

12.

That as a direct and proximate result of the improper loading of the cargo, and the failure of the cargo door safety mechanisms to properly function, aforesaid, Walker suffered severe crushing injuries, which have necessitated medical care and treatment through this date, resulting in tens of thousands of dollars in medical and related expenses, total disability from his employment, causing him to incur over FIFTY THOUSAND ($50,000.00) DOLLARS in lost income to date which lost wages are continuing, and which have caused him continuing pain and suffering and a loss of enjoyment of his home and work activities, which have led to permanent injuries and disabilities.

13.

That the improper loading and shifting of the cargo, and the failure of the door safety mechanisms to function, resulting in the injuries suffered by Walker, aforesaid, were directly and proximately caused by the negligence of Defendants, such negligence consisting in, *inter alia*:

(a) Failing to properly inspect and maintain the subject railcar to insure that its door and safety mechanisms were properly functioning in order to prevent foreseeable injury to individuals involved in its loading and unloading;

(b) Failing to carry out a proper and adequate maintenance and inspection program on the subject railcar, together with adequate routine testing of its door and safety mechanisms, in order

to insure their proper functioning;

(c) Failing to properly load the subject railcar and properly secure all pallets, in order to prevent the foreseeable hazards of shifting of cargo, and foreseeable injury to individuals involved in its loading and unloading, prior to shipping it to the Exel plant, aforesaid;

(d) Failing to properly inspect the subject railcar after it was loaded, and prior to its delivery to the Exel plant, in order to insure its cargo was properly bound and stacked, and that its door and safety mechanisms were functioning properly;

(e) Failing to properly warn of the hazards inherent in the subject railcar due to its malfunctioning door and safety mechanisms and improper loading of cargo, resulting in a foreseeable hazard to individuals subsequently involved in its unloading process; and

(f) Carelessly and recklessly failing to properly load, inspect and maintain the subject railcar to insure that its door and safety mechanisms were properly functioning, and that the load was properly secured, prior to its delivery to the Exel plant, aforesaid.

14.

That at all times material herein, Walker was in the exercise of ordinary care for his own safety, relying on Defendants to provide a railcar with properly functioning door and safety mechanisms and a properly loaded cargo.

15.

That Walker brings this action to recover for his pain and suffering, both mental and physical, past, present and future; for sums incurred for physicians, hospitals, medications and related expenses, past, present and future; for his lost wages, past, present and future; for a diminishment in his future earning capacity; for a diminishment in his capacity to labor; for his loss of enjoyment of life; and for his permanent injuries and disabilities, aforesaid.

16.

That Plaintiff Deborah P. Walker is Walker's wife, and brings this action to recover for the loss of her husband's comfort, care, fellowship, conjugal relations, and consortium, past, present and future.

WHEREFORE, Plaintiffs demand judgment of Defendants, jointly and severally, for compensatory damages in an amount to be established at trial, and for their costs of court.

LANHAM & McGEHEE, P.C.

William C. Lanham
Georgia Bar No. 437100

Clark H. McGehee
Georgia Bar No. 491800
Attorneys for Plaintiffs

JOHNSON & WARD
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912
Telephone: (404) 524-5626

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing Motion for Leave to Amend Complaint Adding Additional Parties Defendant on all parties, by depositing a true copy of same in the U.S. Mail, with adequate postage affixed thereto, addressed to:

CSX Transportation, Inc.
c/o Corporation Service Company
40 Technology Parkway South, No. 300
Norcross, Georgia 30092

This ___ day of June, 2007.

_____
Of Counsel to Plaintiffs




JOHNSON & WARD
ATTORNEYS AT LAW
THE EQUITABLE BUILDING
PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30303-1812

FIRST-CLASS

CSX Transportation, Inc.
c/o Corporation Service Company
40 Technology Parkway South, No. 300
Norcross, Georgia 30092